WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Elliott Romeo,<br><br>           Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>           Respondents. | No. CV-14-00351-TUC-EJM<br><br>**ORDER** |

      Petitioner James Elliott Romeo filed a pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for armed robbery, aggravated robbery, kidnapping, and aggravated assault. (Doc. 1). Petitioner raises four grounds for relief: (1) ineffective assistance of trial counsel ("IAC"); (2) prosecutorial misconduct; (3) abuse of discretion by the trial court; and (4) trial counsel's low standard of performance.[1] Respondents filed an Answer contending that Petitioner failed to properly exhaust his claims and that all of the claims are therefore procedurally defaulted and barred from review by this Court. (Doc. 19).

      As to Grounds One and Two of the petition, and sub claims (c) through (f) of Ground Three, the Court finds that Petitioner failed to properly present these claims to

---

[1] Each of these claims includes a number of sub claims, discussed below in sections I (C). and III.

the Arizona Court of Appeals ("COA"); thus, the claims are procedurally defaulted and barred from this Court's review. The Court further finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. As to sub claims (a) and (b) in Ground Three and sub claims (a) and (b) in Ground Four, the Court finds that while Petitioner arguably presented these claims to the Arizona COA, he failed to describe the federal basis for these claims, and thus they were not fairly presented to the state courts for review. The Court further finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of these claims. Accordingly, the petition will be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial, Sentencing, and Appeal

On August 29, 2011, a Cochise County Superior Court jury found Petitioner guilty of five counts of armed robbery, five counts of aggravated robbery, nine counts of kidnapping, and twelve counts of aggravated assault. (Doc. 1; Doc. 19 Ex. J at ¶1). Petitioner was sentenced to a combination of concurrent and consecutive presumptive prison terms for a total of 104 years. (Doc. 19 Ex. D; Ex. J at ¶1).

The Arizona COA summarized the facts of the case as follows:

> The evidence shows that, in November 2009, Romeo and several accomplices entered a residence and bound the four adults in the home with duct tape. Four minors in the home—two under the age of fifteen—also were taken captive, as was a fifth adult who had arrived during the incident. Romeo punched and kicked one of the victims several times, and punched another, also using a taser on that victim. At least one of Romeo's accomplices carried a gun throughout the incident, threatening several victims. The assailants took items from the adult victims.

(Doc. 19 Ex. J at ¶3).

Following his conviction, Petitioner sought review in the Arizona COA. Appointed counsel filed a brief stating that he had searched the record and found no errors or arguable questions of law, and asked the court to review the record for

reversible error. (Doc. 19 Ex. H). Appointed counsel further requested that Petitioner be allowed to file a pro se supplemental brief. Petitioner filed his brief on February 15, 2012 and argued that the trial court improperly denied his motion for a new attorney, that his speedy trial rights were violated, and that there were two jurors who stated that they were friends with the victims and that while one juror was dismissed, the other juror remained on the jury and Petition believed the juror's judgment was affected. (Doc. 19 Ex. I). On May 4, 2012, the COA found no reversible error and affirmed Petitioner's conviction and sentence. (Doc. 19 Ex. J).

**B. Petition for Post-Conviction Relief**

On February 8, 2012, Petitioner initiated proceedings in Cochise County Superior Court for post-conviction relief ("PCR"). (Doc. 19 Ex. L). The trial court appointed counsel to represent Petitioner, and counsel filed the Rule 32 petition on October 15, 2012. (Doc. 19 Exs. M, N). Petitioner raised issues of abuse of discretion by the trial court, prosecutorial misconduct, and IAC. Petitioner first alleged that the trial court abused its discretion by 1) failing to hold a hearing on Petitioner's motion for new counsel and 2) by designating the case "complex" and thereby violating Petitioner's speedy trial rights. (Doc. 19 Ex. N). Petitioner also alleged prosecutorial misconduct based on the prosecutor allegedly giving the trial court false information regarding the standard applicable to Petitioner's motion for new counsel. Finally, Petitioner alleged IAC based on trial counsel's 1) failure to make sure that Petitioner had a hearing on his motion for new counsel; 2) failure to effectively argue and make a record for appeal regarding the motion for new counsel; 3) failure to alert the trial court the prosecutor's misstatement of law, thus failing to preserve a record of the issue for appeal; 4) failure to argue against the complex case designation and demand written, supportive findings for the designation, thereby waiving the issue for appeal; 5) general ineffective investigation; 6) failure to disclose, subpoena, and call as a witness victim-witness Michael Bejarano, Jr.; and 7) failure to request a hearing or otherwise litigate whether the in-court identification of Petitioner by the juvenile victims was the result of undue suggestion.

The trial court denied PCR on January 17, 2013. (Doc. 19 Ex. O). Petitioner did not file a petition for review with the Arizona COA. Instead, on August 23, 2013, Petitioner filed a motion in Cochise County Superior Court requesting that counsel be appointed to file a petition for review on his behalf. (Doc. 19 Ex. P). On November 18, 2013, Petitioner filed a motion requesting leave to file a delayed petition for review. (Doc. 19 Ex. Q). In his motion, Petitioner alleged that he had previously filed three motions requesting appointment of counsel,[2] but that the trial court had never responded, and that he had recently been advised by the prison paralegal to file a motion for permission to file a delayed petition for review. On November 20, 2013, the court denied Petitioner's motion to file a delayed petition for review. (Doc. 19 Ex. R).

**C.  Habeas Petition**

Petitioner filed his Petition for Writ of Habeas Corpus (PWHC) in this Court on January 9, 2014, asserting four grounds for relief. (Doc. 1). In Ground One, Petitioner contends that trial counsel was ineffective for: (a) failing to file a motion to suppress testimony or impeach witness Lashawn Smith; (b) failing to filing a motion for a special jury instruction; (c) failing to file a motion opposing the complex case designation; (d) failing to file a motion to subpoena victim Michael Bejarano; (e) failing to file a motion for hardship; and (f) failing to file a motion regarding the denial of Petitioner's speedy trial rights. In Ground Two, Petitioner alleges that the prosecutor: (a) offered a witness immunity; (b) threatened to take a witness's children; (c) caused Petitioner's attorney to prove that Michael Bejarano was a victim; (d) filed for a complex case hearing without having reasonable cause to do so; (e) called Lashawn Smith to testify when there was an ongoing custody battle between Ms. Smith and Petitioner; (f) denied Petitioner the right to confront his accuser at trial; and (g) failed to identify who called 911. In Ground Three, Petitioner argues the trial court abused its discretion by: (a) denying Petitioner's request for a speedy trial; (b) denying Petitioner's request to change counsel; (c) failing to give a jury instruction on the prosecutor's duty to prove every element of the charges

---

[2] However, the docket only shows one motion filed on August 23, 2013.

- 4 -

beyond a reasonable doubt; (d) failing to grant Petitioner's request for a Rule 20 hearing; (e) running some of Petitioner's sentences consecutively; and (f) disproportionately sentencing Petitioner and not making some of his sentences concurrent. In Ground Four, Petitioner alleges his trial counsel had a low standard of performance because she: (a) failed to disqualify a juror who admitted to being a friend of one of the victims; and (b) failed to disqualify a juror who had limited understanding of English. Petitioner states that not all of the grounds in his Petition were presented to the Arizona COA because his trial counsel did not make a record on motion for appeals purposes.

Respondents contend that all of Petitioner's claims are unexhausted and procedurally defaulted. Respondents specifically state that in the Rule 32 Petition, the only IAC claim Petitioner presented was counsel's failure to call one of the victims as a witness. However, because Petitioner failed to file a petition for review with the COA after the trial court denied his Rule 32 Petition, this claim is unexhausted and procedurally defaulted. Respondents also note that Petitioner raised prosecutorial misconduct claims in his Rule 32 Petition, but that the trial court found the claims precluded by Rule 32.2(a), and Petitioner failed to file a petition for review with the COA. Finally, Respondents note that Petitioner did present claims to the COA regarding the trial court's failure to grant a change in counsel, the trial court's abuse of discretion in denying Petitioner's speedy trial rights, and trial counsel's failure to challenge the two jurors, but allege that Petitioner did not present these claims as specifically federal claims. Respondents further state that the COA found Petitioner had waived these claims by failing to comply with Rule 31.13(c), and that the claims are therefore precluded by the COA's express finding of procedural default.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by section 2254(d).

**A. Exhaustion**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds, Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29, 2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n. 1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A prisoner may obtain federal review of a

- 7 -

defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (*quoting Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

**III.   ANALYSIS**

  **A. Ground One**

In Ground One, Petitioner contends that trial counsel was ineffective for: (a) failing to file a motion to suppress testimony or impeach a witness; (b) failing to filing a motion for a special jury instruction; (c) failing to file a motion opposing the complex case designation; (d) failing to file a motion to subpoena a witness; (e) failing to file a motion for hardship; and (f) failing to file a motion regarding the denial of Petitioner's speedy trial rights. Of the claims alleged in Ground One, only claim (d) was previously

raised by Petitioner in his Rule 32 petition. None of the sub claims in Ground One were presented to the Arizona COA. Petitioner did not allege any IAC claims in his direct appeal to the Arizona COA.[3] While Petitioner did allege several IAC claims in his Rule 32 petition, including a claim that his trial counsel failed to disclose, subpoena, and call a victim-witness to testify, Petitioner never filed a petition for review with the COA after the Rule 32 court denied his petition for PCR.

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). In order to properly exhaust state remedies before filing a PWHC, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin* 541 U.S. at 29. In Arizona, the highest court requirement is satisfied if the petitioner has presented his federal claims to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell*, 483 F.Supp.2d at 931–33. Here, Petitioner failed to properly present any of the claims in Ground One to the COA. While Petitioner did allege several IAC claims in his Rule 32 petition, Petitioner did not appeal the trial court's denial of his Rule 32 petition to the Arizona COA. Thus, Petitioner failed to meet his burden to fairly present his federal claims to the state's highest court.

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt

---

[3] Petitioner was not required to do so because, "[a]s a general rule, ineffective assistance of counsel claims should be raised in post-conviction relief proceedings pursuant to rule 32." *State v. Atwood*, 171 Ariz. 576, 599 (1992), *opinion modified on denial of reconsideration* (July 10, 1992).

to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings). Arizona Rules of Criminal Procedure regarding timeliness[4] and preclusion[5] prevent Petitioner from now exhausting the claims in Ground One in state court. Accordingly, these claims are both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). Here, Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claims, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316; *Murray*, 477 U.S. at 488. There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner simply failed to raise the claims in

---

[4] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin within 90 days of either the day of judgment and sentence or the date the mandate issues on direct appeal, whichever is later. These deadlines have long since passed in this matter.

[5] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not applicable here, successive post-conviction petitions are precluded.

- 10 -

his state court proceedings. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n. 43 (the court need not examine the existence of prejudice if the petitioner fails to establish cause).

Accordingly, the Court finds that the claims in Ground One are technically exhausted and procedurally defaulted, and Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of these claims is therefore precluded.

**B. Ground Two**

In Ground Two, Petitioner alleges that the prosecutor: (a) offered a witness immunity; (b) threatened to take a witness's children; (c) caused Petitioner's attorney to prove that Michael Bejarano was a victim; (d) filed for a complex case hearing without having reasonable cause to do so; (e) called Lashawn Smith to testify when there was an ongoing custody battle between Ms. Smith and Petitioner; (f) denied Petitioner the right to confront his accuser at trial; and (g) failed to identify who called 911. Petitioner did not raise any of the claims that he now raises in Ground Two in either his direct appeal to the Arizona COA or in his Rule 32 petition for PCR.

When a petitioner fails to fairly present his claims to the state's highest court, but would now be barred by state procedure from returning to state court, an implied procedural bar may arise. *See O'Sullivan* 526 U.S. at 848–49. If a mandatory rule of state procedure would prevent the presentation of the claim, federal review is precluded. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v. Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but state court would now find the exhaustion petition barred, the claim is procedurally defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims). Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting the claims in Ground Two in state court. Accordingly, these claims are both technically exhausted and procedurally

defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claims, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316; *Murray*, 477 U.S. at 488. Accordingly, the Court finds that all of the claims in Ground Two are technically exhausted and procedurally defaulted, and Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of these claims is therefore precluded.

**C. Ground Three**

In Ground Three, Petitioner argues the trial court abused its discretion by: (a) denying Petitioner's request for a speedy trial; (b) denying Petitioner's request to change counsel; (c) failing to give a jury instruction on the prosecutor's duty to prove every element of the charges beyond a reasonable doubt; (d) failing to grant the Petitioner's request for a Rule 20 hearing; (e) running some of Petitioner's sentences consecutively; and (f) disproportionately sentencing Petitioner and not making some of his sentences concurrent.

Construing Petitioner's statements liberally, Petitioner arguably raised claims (a) and (b) in his direct appeal to the Arizona COA. In his appellate brief, Petitioner stated that the trial judge denied his right to new counsel, and that the speedy trial deadline was extended twice without Petitioner's permission. (Doc. 19 Ex. I). Petitioner did not raise claims (c) through (f) in his direct appeal or in his Rule 32 petition for PCR. However, while claims (a) and (b) were thus arguably presented to the COA, these claims were not properly presented for purposes of federal habeas review because Petitioner did not describe the federal constitutional nature of the claims.

To properly exhaust a claim, a petitioner must "give the Arizona courts a 'fair opportunity' to act on his federal [] claim before presenting it to the federal courts." *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004). And, as noted above, in Arizona the fair presentation requirement is satisfied if the petitioner has presented his

federal claims to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell*, 483 F.Supp.2d at 931–33. As this Court has explained:

> Fair presentation requires a petitioner to describe both the operative facts and the federal legal theory to the state courts. *Reese*, 541 U.S. at 28, 124 S.Ct. 1347. It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. *Reese*, 541 U.S. at 28, 124 S.Ct. 1347 (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim). Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir.2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Likewise, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts...." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleadings filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27, 124 S.Ct. 1347.

*Date v. Schriro*, 619 F.Supp.2d 736, 764–65 (D. Ariz. 2008).

Here, while Petitioner arguably presented claims (a) and (b) to the Arizona COA, Petitioner's appellate brief is completely devoid of any citation to the law or to the record. Petitioner alleged no legal basis, whether state or federal, for any of his claims, and thus wholly failed to present the claims as specifically federal claims. Thus, Petitioner has failed to properly exhaust the claims in Ground Three of his PWHC because he failed to fairly present a federal legal theory for these claims to the state courts.

When a petitioner fails to fairly present his claims to the state's highest court, but

would now be barred by state procedure from returning to state court, an implied procedural bar may arise. *See O'Sullivan* 526 U.S. at 848–49. If a mandatory rule of state procedure would prevent the presentation of the claim, federal review is precluded. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v. Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but state court would now find the exhaustion petition barred, the claim is procedurally defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting the claims in Ground Three in state court. Accordingly, these claims are both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of these claims, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316; *Murray*, 477 U.S. at 488. Accordingly, the Court finds that the claims in Ground Three are technically exhausted and procedurally defaulted, and that Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of these claims is therefore precluded.

**D. Ground Four**

In Ground Four, Petitioner alleges his trial counsel had a low standard of performance because she: (a) failed to disqualify a juror who admitted to being a friend of one of the victims; and (b) failed to disqualify a juror who had limited understanding of English.

Construing Petitioner's statements liberally, Petitioner arguably raised claims (a) and (b) in his direct appeal to the Arizona COA. While Petitioner did not present the claims in terms of counsel's performance, Petitioner stated that "there were two jurors

1  who stated that they were friends with the victims," and that while one juror was excused,
2  the other juror remained on the jury and Petitioner believed it affected his judgment.
3  (Doc. 19 Ex. I). However, even if the factual basis of claims (a) and (b) was sufficiently
4  clear in Petitioner's direct appeal, these claims were not properly presented for purposes
5  of federal habeas review because Petitioner did not describe the federal constitutional
6  nature of the claims.

7  As explained above, to properly exhaust a claim, a petitioner must "give the
8  Arizona courts a 'fair opportunity' to act on his federal [] claim before presenting it to the
9  federal courts." *Castillo*, 399 F.3d at 998. In Arizona, this requirement is satisfied if the
10 petitioner has presented his federal claims to the Arizona COA, either through the direct
11 appeal process or post-conviction proceedings. *Crowell*, 483 F.Supp.2d at 931–33. Here,
12 Petitioner's appellate brief is completely devoid of any citation to the law or to the
13 record. Petitioner alleged no legal basis, whether state or federal, for any of his claims,
14 and thus wholly failed to present the claims as specifically federal claims. Thus,
15 Petitioner has failed to properly exhaust the claims in Ground Four of his PWHC because
16 he failed to fairly present a federal legal theory for these claims to the state courts.

17 When a petitioner fails to fairly present his claims to the state's highest court, but
18 would now be barred by state procedure from returning to state court, an implied
19 procedural bar may arise. *See O'Sullivan* 526 U.S. at 848–49. If a mandatory rule of state
20 procedure would prevent the presentation of the claim, federal review is precluded. *See*
21 *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v.*
22 *Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but
23 state court would now find the exhaustion petition barred, the claim is procedurally
24 defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has
25 expired, petitioner's failure to timely present claims to state court results in a procedural
26 default of those claims).

27 Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent
28 Petitioner from now exhausting the claims in Ground Four in state court. Accordingly,

these claims are both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of these claims, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316; *Murray*, 477 U.S. at 488. Accordingly, the Court finds that the claims in Ground Four are technically exhausted and procedurally defaulted, and that Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of these claims is therefore precluded.

IV.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued and that Petitioner is not entitled to appeal in forma pauperis because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable. Further, to the extent Petitioner's claims are rejected on the merits, reasonable jurists would not find the Court's assessment of the constitutional claims to be debatable or wrong.

Dated this 28th day of October, 2016.

Eric J. Markovich
United States Magistrate Judge